# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E EVANS,<br><br>    Petitioner,<br><br>    v.<br><br>FOR THE PEOPLE,<br><br>    Respondent. | Case No.: 1:20-cv-00202-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[THIRTY DAY OBJECTION DEADLINE] |

    Petitioner filed a federal habeas petition on February 10, 2020. (Doc. 1.) He challenges a 2000 conviction in Fresno County Superior Court of receiving stolen property for which he was sentenced to five years. (Doc. 1 at 3.) It appears Petitioner is no longer in custody for that conviction. Therefore, the Court will recommend that the petition be DISMISSED for lack of jurisdiction.

**I.    DISCUSSION**

    A.    <u>Preliminary Review of Petition</u>

    Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed.

B. Lack of Jurisdiction

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he *is in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added.) Thus, in order to obtain habeas relief under 28 U.S.C. § 2254(a), the petitioner must demonstrate that he is "in custody" at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If he is not "in custody," the Court is without jurisdiction to entertain the petition. Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). In addition to the petitioner being in custody when the petition is filed, his claim must assert the right to be released. U.S. v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (as amended). In addition to incarceration, a person who is on parole or probation at the time he files his federal habeas petition satisfies the custody requirement. Jones v. Cunningham, 371 U.S. 236, 240-43 (1963).

Petitioner states he was sentenced to five years for his 2000 conviction for receiving stolen property. (Doc. 1 at 3.) Because his petition was not filed until February 10, 2020, it appears he has completed his sentence. In addition, he does not seek immediate release from custody. Therefore, it appears that he is not in custody and that the Court is without jurisdiction.

The Court notes that it appears Petitioner is currently serving a sentence of an indeterminate term of 301 years to life on a 2004 conviction for two counts of forcible oral copulation, one count of rape, one count of kidnap for rape, one count of penetration with a foreign object, and one count of carjacking. See Evans v. Yates, Case No. 1:09-cv-01857-AWI-GSA.[1] Additionally, the California Supreme Court, in denying the petition for writ of habeas corpus on January 22, 2020, noted cases indicating that Petitioner was no longer in custody on the challenged conviction. (Doc. 1 at 11.) Accordingly, by all accounts, Petitioner is not in custody on the 2000 conviction for receiving stolen property, which is the conviction Petitioner challenges in the instant habeas petition. See Garlotte v. Fordice, 515 U.S. 39, 45 (1995) (A prisoner not presently serving and challenging some part of a

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

consecutive series of sentences cannot file a habeas petition challenging another sentence that has been fully served or the conviction underlying that sentence.)

**II.   ORDER**

The Court DIRECTS the Clerk of Court to assign a District Judge to the case.

**III.   RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2020**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE