UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E EVANS,<br><br>  Petitioner,<br><br>  v.<br><br>FOR THE PEOPLE,<br><br>  Respondent. | No.  1:20-cv-00202-AWI-JLT (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE; AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(Doc. No. 12)** |

    Petitioner Gene Evans is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 4, 2020, the Magistrate Judge assigned to the case issued Findings and Recommendation to dismiss the petition.  Doc. No. 12. This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within thirty days from the date of service of that order.  To date, no party has filed objections.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

1

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's habeas petition, the court may only issue a certificate of appealability upon a substantial showing of the denial of a constitutional right. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court will decline to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on November 4, 2020 (Doc. No. 12), is ADOPTED in full;
2. The first amended petition for writ of habeas corpus (Doc. No. 10) is DISMISSED;
3. The Clerk of Court is DIRECTED to enter judgment and close the file; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 11, 2021

SENIOR DISTRICT JUDGE